UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____
MARY J. FAYET,                                                    Civil Action

                      Plaintiff,                                            Case No.:

-against-

                                        **NOTICE OF REMOVAL**

TARGET CORPORATION and PRINCESS
ANDREWS,
_____

        Defendants, TARGET CORPORATION and PRINCESS ANDREWS, by its attorneys, FISHMAN McINTYRE BERKELEY LEVINE SAMANSKY P.C., respectfully petitions the United States District Court, Eastern District of New York, upon information and belief, as follows:

        1.     This case was originally commenced on or about July 16, 2019, in the Supreme Court of the State of New York, County of Bronx. The suit is identified in the Supreme Court as "Mary J. Fayet v. Target Corporation and Princess Andrews", Index No. **524628/2019E**. A true copy of plaintiff's Summons and Verified Complaint is cumulatively annexed hereto as Exhibit A.

        2.     Defendant, Target Corporation ("Target") first received notice of the suit when service was effectuated upon the New York Secretary of State on or about July 25, 2019. (See Exhibit B hereto). Defendant Princess Andrews first received notice of the suit when she was personally served with plaintiff's summons and complaint on July 22, 2019 (Id.) The grounds for removal are based on the original jurisdiction of this Court under 28 U.S.C. § 1332, which allows this Court to hear matters based on diversity of citizenship of the parties.

        3.     An answer on behalf of Target Corporation and Princess Andrews was filed

1

in the Supreme Court, County of Bronx, on or about August 8, 2019. A true copy is annexed hereto as Exhibit C.

4. The Plaintiff's Complaint in the Supreme Court of the State of New York, County of Bronx, asserts monetary damages relating to personal injuries in a non-specified amount. However, Plaintiff specifically claims that as a result of the incident complained of therein, the Plaintiff was caused to sustain "serious personal injuries"; "prevented to attending to her usual activities and depriving her of the income and benefits derived there from"; and sustained "substantial monetary expense and loss; and upon information and belief, plaintiff has incurred and will be compelled to seek additional medical care and attention in the future and will be deprived of income and economic opportunity and future loss of enjoyment of life, lifestyle and other losses resulting from said occurrence". (*See* "**Exhibit A**" hereto at para. 24.).

5. On February 5, 2020, Defendants served upon plaintiff a demand for statement of damages. (*See* **"Exhibit D"**, hereto). To date however, plaintiff has failed to respond to the same.

6. On March 18, 2020, this office, wrote to plaintiff's counsel advising that this action would be removed to the United States District Court. (*See* **Exhibit E"** hereto). However, it was stated that removal would not be had if plaintiff is willing to enter into a written, signed stipulation that plaintiff's damages do not exceed the sum of $75,000.00, exclusive of interest and costs. Plaintiff has failed to respond to that letter.

7. Based upon all the foregoing, defendants believe the amount in controversy herein exceeds $75,000.00, exclusive of interest and costs. Indeed, if plaintiff believed otherwise, surely plaintiff would have responded to the demand for statement of damages served over two months ago or would have entered into the stipulation capping damages at $75,000.00, sent to plaintiff's counsel over one month ago. Yet, plaintiff has failed to do either.

8. Per plaintiff's complaint, she is a resident of the State of New York, County of Bronx. (See Exhibit A, paragraph 1).

9. Annexed hereto as Exhibit F is a true copy of Request to Admit served on plaintiff's attorneys on August 7, 2019. Request to Admit 1 states "On May 1, 2019, plaintiff Mary J. Fayet was a citizen of the State of New York". Request to Admit 2 states "Presently, plaintiff Mary J. Fayet is a citizen of the State of New York". Plaintiff did not respond to either of these Requests to Admit, nor any of the other 14 requests contained therein. As such, pursuant to C.P.L.R. § 3123(a), these statements are deemed admitted by Plaintiff and plaintiff is deemed to be a citizen of the State of New York at all pertinent times. This includes the date of plaintiff's alleged cause of action arose.

10. Target is a corporation, incorporated in the state of Minnesota. Moreover, Target has its principal place of business in Minneapolis, Minnesota. (*See* **"Exhibit G"**, hereto).

11. Codefendant, Princess Andrews, is a citizen of the State of New York. However, Ms. Andrews, an employee of defendant, Target, has no real or even potential liability towards the plaintiff herein. Indeed, plaintiff naming Ms. Andrews in this case represents nothing more than a blatant and unfounded attempt to prevent Target from removing this case to this Federal Court and otherwise trampling upon Target's constitutional rights. Based upon records maintained by Target with respect to plaintiff's accident, Ms. Andrews' only involvement with regard to plaintiff and/or her alleged accident is that Ms. Andrews happened to be the employee on behalf of Target who created the incident report relative to plaintiff's alleged accident. Indeed, Ms. Andrews was only made aware of plaintiff's accident, or any hazardous condition relating to same, after plaintiff's fall when she was called over to the scene. Ms. Andrews was acting as the appropriate leader on duty at the time of the incident, and therefore, it would be her responsibility investigate the accident and

3

prepare the appropriate post-accident report. That is all she did in this case. In fact, annexed hereto is Exhibit H is the Affidavit of Princess Andrews duly notarized on December 18, 2019 confirming the foregoing. The Affidavit further confirms that she did not witness plaintiff's accident. The Affidavit confirms that she was not aware of any hazardous condition claimed by plaintiff to have caused her accident anytime before plaintiff's accident. She further affirms she was not even near where plaintiff's accident occurred for at least 15 minutes before the accident. In addition, Ms. Andrews was not aware of, nor had any knowledge of, the condition which the plaintiff claims caused her accident prior to it occurring, nor did she do anything to cause or create the condition which plaintiff alleged caused her accident. Indeed, Ms. Andrews confirms her entire involvement concerning Ms. Fayet's incident was limited to the aftermath thereof, and that she has no personal knowledge as to how plaintiff's accident occurred or the source of the condition which Plaintiff claims caused her accident.

12. In addition, reference is again made to the Request to Admit dated August 7, 2019 annexed here to as Exhibit F. Again, plaintiff never responded to any portions to the Request to Admit. Therefore, pursuant to the C.P.L.R. the following facts are admitted by plaintiff:

A. Princess Andrews was in excess of 200 feet from where plaintiff slipped and fell at the time thereof.

B. Plaintiff does not know where Princess Andrews was at the time of her alleged accident.

C. Plaintiff does not know what Princess Andrews was doing in the 15 minutes prior to plaintiff's slip and fall.

D. The plaintiff did not see Princess Andrews anywhere in the store prior to her accident.

4

E. Princess Andrews was not within 200 feet of the location of plaintiff's fall anytime in the 30 minutes prior to plaintiff's slip and fall.

13. Based upon the foregoing, there can be absolutely no liability against Ms. Andrews. Clearly, she did not cause the condition that plaintiff claims she slipped and fell upon. Ms. Andrews had no notice, knowledge or awareness of the same. Indeed, her only role with respect to this entire accident was to investigate the same **after plaintiff's accident and create an incident report**. In short, Ms. Andrews has absolutely nothing to do with plaintiff's accident, or any condition or hazard related to same. As such, plaintiff naming Ms. Andrews in this action is wrongful, and represents a fraudulent joinder solely in an effort to defeat diversity jurisdiction. Thus, Ms. Andrews is not a proper defendant in this action, and her citizenship therefore is irrelevant. This case therefore only involves a citizen of the State of the New York (plaintiff), and a "citizen" of the State of Minnesota (Target).

14. As stated, plaintiff's naming of Ms. Andrews represents a fraudulent joinder. Moreover, plaintiff's outright failure and refusal to agree to a dismissal of Ms. Andrews, despite repeated request for the same, should not be tolerated. In fact, on December 19, 2019, the undersigned wrote to plaintiff's counsel enclosing a copy of Ms. Andrews affidavit (Exhibit I) as well as a partial stipulation of discontinuance as to Ms. Andrews only, requesting that counsel agree to a dismissal of Ms. Andrews from the lawsuit. Once again, silence from plaintiff's counsel. Thus, not only did plaintiff file a frivolous lawsuit in the first place with respect to Ms. Andrews, but despite having any irrefutable proof that Ms. Andrews has nothing to do whatsoever with this accident, and having admitted the foregoing facts as set forth above, plaintiff's failure to agree to dismissal of Ms. Andrews is a slap in the face of this court, a breach of civility, violations of ethical canons and the Rules of Professional Responsibility, and most importantly, a frivolous filing. Indeed, the letter of December 19, 2019 advised that the continuation of the action would be frivolous under Part 130 of the New York Rules of the Chief Administrative Judge. Based on this

removal, the filing of the complaint against Ms. Andrews, and the continuation thereof, such conduct represents a violation of F.R.C.P. 11 for which sanctions should be accessed against plaintiff's counsel for naming Princess Andrews as a defendant in the first instance and failing and refusing to dismiss her in the second instance.

15. Written notice of the filing of this Notice of Removal has been given to all parties in accordance with 28 U.S.C. §1446(d), as evidenced in the annexed Certificate of Service.

16. Promptly after filing this Notice with the Court and the assignment of a civil docket number, a copy of this Notice will be filed with the Supreme Court of the State of New York, County of Bronx, Index No. 28172/2019 in accordance with 28 U.S.C. §1446(d).

WHEREFORE Petitioners, Target Corporation and Princess Andrews, defendants in the action described herein now pending in the Supreme Court of the State of New York, County of Bronx, under Index No. 524628/2019, pray that this action be removed therefrom to this Honorable Court.

Dated: New York, New York
April 22, 2020

Yours etc.,

/s/ MB

MITCHELL B. LEVINE, Esq
FISHMAN MCINTYRE BERKELEY
LEVINE SAMANSKY
Attorney for Defendants
TARGET CORPORATION and
PRINCESS ANDREWS
521 Fifth Avenue, 17th Floor
New York, New York 10175
(212) 461-7190
File No.: TARN-154-ML

TO: Dallin M. Fuchs, Esq.
Queller, Fisher, Washor, Fuchs & Kool and The Law Office of William A. Gallina, LLP

233 Broadway, Suite 1800
New York, New York 10279
212-406-1700
Attorneys for Plaintiff