UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MARY J FAYET,

                Plaintiff,

  -v-                                                                      No.  20-CV-3191-LTS-KHP

TARGET CORPORATION and PRINCESS
ANDREWS,

                Defendants.

-------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

On July 15, 2019, plaintiff Mary J. Fayet ("Plaintiff"), a New York resident, brought this personal injury action in the Supreme Court of the State of New York, Bronx County, against Target Corporation, a Minnesota corporation, and Princess Andrews, a New York resident and employee of Target (together, "Defendants"), alleging "joint and concurrent negligence" in connection with an injury Plaintiff suffered at a Target store on May 1, 2019. (<u>See</u> Defendants' Notice of Removal ("Notice of Removal"), Docket Entry No. 1, at Exhibit A ("Complaint").)  On April 22, 2020, Defendants removed the case to this Court.  Plaintiff now moves to remand the case to state court, arguing that Defendants' removal was untimely under 28 U.S.C. section 1446 and that diversity jurisdiction is lacking under 28 U.S.C. section 1332.  Defendants cross-move for sanctions, arguing that Plaintiff's naming of Ms. Andrews as a Defendant constituted a "fraudulent joinder" effected only to destroy diversity between the parties.  The Court has reviewed the parties' submissions thoroughly, and, for the following reasons, Plaintiff's motion to remand is granted, Defendants' motion for sanctions is denied, and the case is remanded to the Supreme Court of the State of New York.

BACKGROUND

The following facts are taken as true for purposes of this motion practice. Plaintiff commenced this personal injury action in state court on July 15, 2019, and served Defendants with process on or about July 25, 2019.  (Notice of Removal ¶ 2.)  Plaintiff claimed that, on May 1, 2019, while shopping at a Target store located in the Bronx, New York, she slipped and fell, suffering serious and permanent injuries.  (Complaint ¶¶ 18, 20.)  She claimed that Defendants Target and Ms. Andrews, who was working as a store manager at the time, "caused a dangerous condition to exist" at the location, resulting in Plaintiff's accident (id. ¶¶ 17-20), and that Defendants "created the aforesaid condition, and/or had actual and/or constructive notice of the aforesaid conditions, and knew or in the exercise of reasonable care, should have known, of the aforesaid condition" (id. ¶ 23).

Plaintiff's Complaint asserted that she had suffered monetary damages, but did not specify an amount sought.  (Complaint at 5; Notice of Removal ¶ 4.)  On February 5, 2020, Defendants served Plaintiff with a demand for a statement of damages.  (Notice of Removal ¶ 5 & Ex. D.)  Plaintiff did not respond.  (Id. ¶ 5.)  On March 18, 2020, Defendants' counsel sent a letter to Plaintiff's counsel, stating as follows:

> Please note that our office has filed a Notice of Removal, seeking to remove the above-referenced action from the Supreme Court of New York, Bronx County[,] to the United States District Court, Southern District of New York.  It is our position that removal is appropriate based upon diversity of jurisdiction and amount in controversy.  However, Defendants are willing to withdraw the Notice for [sic] Removal if Plaintiff is willing to enter into a written, signed stipulation that Plaintiff's damages do not exceed the sum of $75,000.00, exclusive of interest and costs.

(Id. ¶ 6 & Ex. E.)[1]  Plaintiff's counsel did not respond.  (Id. ¶ 6.)

---

[1]  In fact, Defendants' counsel had not filed a Notice of Removal at the time of their March 18 letter.  They filed their Notice of Removal some five weeks later, on April 22, 2020.

In their Notice of Removal, Defendants invoked this Court's diversity jurisdiction, stating that "[D]efendants believe the amount in controversy herein exceeds $75,000," and that, because "[P]laintiff's naming of Ms. Andrews represents a fraudulent joinder," her citizenship should be disregarded for purposes of determining the existence of diversity jurisdiction, leaving only Plaintiff (a citizen of New York) and Target (a citizen of Minnesota) as parties.  (Id. ¶¶ 7-14.)

## DISCUSSION

An action filed in state court may be removed to federal court, within the time frames provided in 28 U.S.C. section 1446, if the federal court would have had original jurisdiction of the matter if the case had initially been filed there.  28 U.S.C. § 1441(a).  District courts have original jurisdiction of cases where a federal question exists and of certain cases involving complete diversity of citizenship.  28 U.S.C. §§ 1331, 1332.  For the purposes of federal diversity jurisdiction under section 1332, "complete diversity" exists when "*each* defendant is a citizen of a different State from *each* plaintiff."  Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (emphasis in original).  A corporation is "deemed to be a citizen of any State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."  28 U.S.C.A. § 1332(c)(1) (Westlaw through P.L. 116-259).

Typically, "federal courts construe the removal statute narrowly, resolving any doubts against removability."  Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994) (quoting Somlyo v. J. Lu–Rob Enters., Inc., 932 F.2d 1043, 1045-46 (2d Cir. 1991)).  Accord Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 201 (2d Cir. 2001) ("the removal statute, like other jurisdictional statutes, is to be strictly construed").  As such, the "defendant bears the burden of demonstrating the propriety of removal," California Public Employees' Retirement

System v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir. 2004) (citation omitted), and "[t]he Court must construe all disputed questions of fact and controlling substantive law in favor of the plaintiff." Lis v. Lancaster, No. 19-CV-1414 (JSR), 2019 WL 2117644, at *4 (S.D.N.Y. Apr. 25, 2019) (quoting In re NASDAQ Market Makers Antitrust Litigation, 929 F. Supp. 174, 178 (S.D.N.Y. 1996)).

Plaintiff argues that this case must be remanded for two reasons: because Defendants' Notice of Removal was untimely, and because complete diversity is lacking.

Timeliness

Plaintiff argues that Defendants' removal of this action was untimely under 28 U.S.C. section 1446 because it was filed at a time when the record did not indicate that there was a basis for the exercise of diversity jurisdiction. Section 1446 generally requires a notice of removal of a civil action to be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C.A. § 1446(b)(1) (Westlaw through P.L. 116-259). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id. § 1446(b)(3). A case that is not removable may thus become removable when "the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." Moltner v. Starbucks Coffee Co., 624 F.3d 34, 38 (2d Cir. 2010) (collecting cases).

Defendants filed their Notice of Removal on April 22, 2020, approximately nine months after Plaintiff served Defendants with her initial pleading in state court. Defendants

argue that their Notice of Removal was timely under section 1446(b)(3) because they filed it within 30 days of when they "first ascertained" Plaintiff's "implicit monetary demand" in excess of $75,000, based on Plaintiff's non-response to Defendants' March 18 "cap" letter:

> [P]laintiff failed to respond to defendants' correspondence offering to cap plaintiff's damages at $75,000 exclusive of interest and costs, sent out by mail on or about March 18, 2020. [ ]. Giving a reasonable period of time for plaintiff to so respond, defendants were entitled to conclude on or about March 30, 2020 (that is, five days from the date of mailing of the March 18, 2020 correspondence, plus five days in which to receive plaintiff's mailed response, if any) that plaintiff's damages exceeded $75,000. Therefore, the first date on which defendants could reasonably ascertain the amount [in] controversy was March 30, 2020. Defendants' Notice of Removal was filed within 30 days thereafter, on April 22, 2020, and thus was timely.

(Docket Entry No. 17 ("Opp. Mem.") at 4, 16-23.)

Defendants' argument fails under the plain language of section 1446(b)(3), which provides that a defendant may file a notice of removal only within 30 days after "receipt by the defendant" of an amended pleading, motion, order, or other paper "from which it may first be ascertained that the case is one which is or has become removable." See also Moltner, 624 F.3d at 38 (holding that "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought"). Strictly construed (as it must be), section 1446(b)(3)'s receipt requirement may not be satisfied by a plaintiff's silence in response to a letter proposing to "cap" damages at $75,000.² Defendants'

---

²     See also McCauley v. Kroger Co., No. 3:19-CV-2673 (SAF), 2020 WL 208816, at *4 (N.D. Tex. Jan. 14, 2020) ("At the outset, the court notes that McCauley's failure to stipulate is insufficient to constitute an 'other paper' because a failure to act or respond cannot have the effect of transforming defense counsel's letter into 'other paper.'") (citation and internal quotation marks omitted); Melerine v. Midwest Express, Inc., No. 17-CV-1579 (MVL), 2017 WL 1338270, at *3 (E.D. La. Apr. 12, 2017) ("Defendants' unilateral act of sending the stipulation is not the receipt of 'other paper' that triggers the time limit for removal set forth in § 1446(b)(3) . . . plaintiffs' failure to respond does not constitute defendants' *receiving* 'other paper', and '[t]he mere failure to respond to a

April 22, 2020, Notice of Removal was premature and was not rendered timely by operation of section 1446(b)(3).

"Alternatively," Defendants argue that because Plaintiff stated affirmatively in her May 1, 2020, motion to remand that the amount in controversy indeed exceeds $75,000, the "statutory deadline for removal does not expire until June 1, 2020." (Opp. Mem. at 23.) Defendants cite no authority for the proposition that a defendant may cure an untimely notice of removal through subsequent receipt of a pleading, motion, order, or other paper evidencing the case's removability. More importantly, section 1446(b)(3) authorizes removal only when "the case is one which *is or has become* removable." 28 U.S.C.A. § 1446(b)(3) (emphasis added). See also Fed. Ins. Co. v. Tyco Int'l Ltd., 422 F. Supp. 2d 357, 368 (S.D.N.Y. 2006) (referring to the "guiding principle" that "the propriety of removal is to be determined by the pleadings at the time of removal"); Bader v. Costco Wholesale Corp., No. 18-CV-1304 (NG), 2018 WL 6338774, at *2 (E.D.N.Y. Dec. 4, 2018) ("In other words, essentially acknowledging that its Notice of Removal . . . was premature and that the court currently lacks subject matter jurisdiction, defendant has enlisted the court's assistance in establishing the grounds for a proper removal. I decline to do so.").[3]

---

    request for stipulation cannot be used as a basis for removal.'") (citations omitted, emphasis in original); Walls v. Emeritus Corp., No. 2:13-CV-00813 (GEB), 2013 WL 4655752, at *3 (E.D. Cal. Aug. 29, 2013) ("Since Defendants' attempt 'to force [P]laintiff to enter a stipulation regarding the potential amount of damages' does not constitute 'a copy of an amended pleading, motion, order or other paper' within the meaning prescribed in 28 U.S.C. § 1446(b), that attempt is insufficient to sustain Defendants' burden of establishing that the amount in controversy exceeded $75,000 at the time of removal.") (citation omitted); Duke v. Washington Nat'l Ins. Co., No. 07-CV-387 (RAW), 2008 WL 11513028, at *2 (E.D. Ok. Mar. 13, 2008) ("Extant authority also appears to reject the notion that a plaintiff's silence, inaction or non-response converts a defendant's correspondence into an 'other paper' for purposes of 28 U.S.C. § 1446(b).").

3    To hold otherwise would be to invite defendants to remove state court cases in which the amount-in-controversy is unsettled before resorting to state court procedures designed to

The Court therefore concludes that this case was not properly removable when Defendants filed their April 22, 2020, Notice of Removal, and grants Plaintiff's motion to remand on that basis.

Fraudulent Joinder

The Court also grants Plaintiff's motion to remand on the alternative basis that complete diversity between the parties is lacking. Indeed, Defendants concede that Plaintiff is a resident of the same state (New York) as Defendant Andrews. (Notice of Removal ¶¶ 8, 11.) However, Defendants urge the Court to disregard the presence of Ms. Andrews for purposes of diversity jurisdiction under the doctrine of fraudulent joinder, which "allows the federal district court, in matters removed from state courts, to strike nondiverse defendants who have no real connection with the dispute, or who have no real liability because there is no possibility of recovery against them." Hosein v. CDL W. 45th St., LLC, No. 12-CV-6903 (LGS), 2013 WL 4780051, at *3 (S.D.N.Y. June 12, 2013).

"In order to show that naming a non-diverse defendant is a 'fraudulent joinder' effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-

---

elicit missing information. Indeed, the Court notes that Defendants were not without such tools in this case. See Feder v. Costco Wholesale Corp., No. 17-CV-3708 (NGG) (RLM), 2017 WL 9511082, at *2 (E.D.N.Y. June 27, 2017), report and recommendation adopted, 17-CV-3708 (NGG) (RLM), 2017 WL 2992490 (E.D.N.Y. July 14, 2017). As explained in Feder, New York law permits a defendant in a personal injury action, "at any time," to request a supplemental demand "setting forth the total damages to which the pleader deems himself entitled." C.P.L.R. § 3017(c) (McKinney's 2021); see also Feder, 2017 WL 9511082, at *2 ("Defendants should have availed themselves of the state's procedures rather than removing the action to this Court without the proper basis on which to do so.").

diverse defendant in state court." Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998). "Most courts in this district have applied the 'no possibility' standard rather strictly," In re Fosamax Prods. Liab. Litig., No. 09-CV-4061 (JFK), 2009 WL 3109832, at *2 (S.D.N.Y. Sept. 28, 2009) (footnote omitted), requiring the removing party to show that it is "legally impossible" for the non-diverse defendant to be held liable under applicable state law, Stan Winston Creatures, Inc. v. Toys "R" Us, Inc., 314 F. Supp. 2d 177, 183 (S.D.N.Y. 2003), or that recovery against that party is "per se precluded." Nemazee v. Premier, Inc., 232 F. Supp. 2d 172, 178 (S.D.N.Y. 2002). Thus, "[t]he defendant seeking removal bears a heavy burden of proving fraudulent joiner, and all factual and legal issues must be resolved in favor of the plaintiff." Pampillonia, 138 F.3d at 461.

When considering whether the "no possibility" standard has been met, a district court must "apply the law of the forum state, including the pleading standard of that state." Segal v. Firtash, No. 13-CV-7818 (RJS). 2014 WL 4470426, at *3-4 (S.D.N.Y. Sept. 9, 2014) (collecting cases and noting that "the New York pleading standard is more forgiving than the federal standard"). Moreover, the question "is not whether the claim would likely survive a motion to dismiss, but whether there is any reasonable possibility that the state court would allow it to proceed." Id., at *3. Put another way, "[c]ourts examining a complaint to determine whether a party has been 'fraudulently' joined will subject the complaint 'to less searching scrutiny than on a motion to dismiss for failure to state a claim.'" Almeciga v. Ctr. for Investigative Reporting, Inc., 121 F. Supp. 3d 379, 382 (S.D.N.Y. 2015) (citation omitted).

Applying this less searching standard, the Court concludes that Defendants have not shown that there is "no possibility" that a state court in New York would allow Plaintiff's claim against Ms. Andrews to proceed. Plaintiff's complaint alleges that on May 1, 2019, Defendants Target and Ms. Andrews, who was working as a store manager, "caused a dangerous

condition to exist" at the location, resulting in Plaintiff slipping and falling with resulting injuries (Complaint ¶¶ 17-20), and that they "created the aforesaid condition, and/or had actual and/or constructive notice of the aforesaid conditions, and knew or in the exercise of reasonable care, should have known, of the aforesaid condition." (Id. ¶ 23.) While Defendants correctly argue that, as a general rule under New York law, employers are liable for torts committed by employees acting within the scope of their employment, Kelly v. Starr, 181 A.D.3d 799, 801, 120 N.Y.S.3d 373, 375 (2d Dep't 2020) ("The doctrine of respondeat superior renders an employer vicariously liable for torts committed by an employee acting within the scope of the employment . . . so long as the tortious conduct is generally foreseeable and a natural incident of the employment.") (citation omitted), the Court cannot say that recovery against an employee such as Ms. Andrews is "impossible" under New York law. See D.A. by Almarante v. Target Corp., No. 16-CV-8991 (JPO), 2017 WL 2062991, at *2 (S.D.N.Y. May 15, 2017) (concluding that a plaintiff in a personal injury lawsuit against Target had not fraudulently joined as a defendant a Target employee allegedly responsible for the area of the store where the injury occurred, in part because "as Target impliedly concedes, there *are* circumstances in which employees, as well as their employers, can be liable for torts") (emphasis in original); Medrano v. Aramark Healthcare Techs., LLC, No. 14-CV-6777 (RA), 2015 WL 4750703, at *3 (S.D.N.Y. Aug. 11, 2015) (concluding that a plaintiff in a personal injury lawsuit had not fraudulently joined as a defendant an employee who had allegedly caused the dangerous condition leading to the injury, because the Court could not conclude that "that recovery against [the employee] would be impossible[]").[4] As in D.A. and Medrano, and for substantially the same reasons, this

---

[4] In considering Ms. Andrews's potential liability, Defendants urge the Court to consider an affidavit Ms. Andrews submitted concerning her claimed lack of involvement in the underlying accident, as well as Plaintiff's apparent failure to respond to Defendants' requests for admission served in the state court below pursuant to C.P.L.R. section 3123.

Court concludes that Defendants have not met their heavy burden to show that Plaintiff's recovery against Ms. Andrews is a legal impossibility, and therefore have not established that Ms. Andrews was fraudulently joined for purposes of this Court's diversity jurisdiction.

Motion for Sanctions

Defendants move for sanctions based on Plaintiff's alleged fraudulent joinder of Defendant Andrews "solely to defeat diversity removal." (Docket Entry No. 19 at 8-20.) Having concluded that Defendant Andrews was not fraudulently joined, the Court denies Defendants' motion for sanctions.

CONCLUSION

For the reasons discussed above, the Court grants Plaintiff's motion to remand, and denies Defendants' motion for sanctions. The parties shall bear their own costs and expenses. 28 U.S.C.A. § 1447(c).

---

(Docket Entry No. 16 Ex. E; Opp. Mem. at 12-13.) The Court declines to wade into the merits of Ms. Andrews's involvement in the alleged accident only to determine whether it has jurisdiction to do so. See Tamm v. Cincinnati Ins. Co., No. 18-CV-11415 (RA) (BCM), 2019 WL 5722131, at *6 (S.D.N.Y. Aug. 15, 2019) ("This distinction—between the motion to dismiss standard and the 'less searching' standard used [when conducting a fraudulent joinder analysis]—is important to ensure that the federal courts are not drawn into resolving the merits of state-law disputes in order to determine whether they have jurisdiction to do so."), report and recommendation adopted, No. 18-CV-11415 (RA), 2020 WL 1144713 (S.D.N.Y. Mar. 9, 2020). See also Pampillonia, 138 F.3d at 461 (the Court must resolve "all factual and legal issues . . . in favor of the plaintiff" when determining whether a defendant was fraudulently joined); Stan Winston Creatures, 314 F. Supp. 2d at 182 (a defendant "may not use removal proceedings as an occasion to adjudicate the substantive issues of a case") (citation omitted).

The Clerk of Court is respectfully directed to effectuate prompt remand of this case to the Supreme Court of the State of New York, Bronx County, and thereupon to close the case on the books of this Court.

This Memorandum Order resolves Docket Entry Nos. 6 and 18.

SO ORDERED.

Dated: February 22, 2021
      New York, New York

                                    /s/ Laura Taylor Swain
                                  LAURA TAYLOR SWAIN
                                  United States District Judge